IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L D EZACK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1418 |
| | ) |
| ALLIANCE IMAGING, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Defendants have filed a Motion to Dismiss Pursuant to Rule 12 To Be Treated As A Motion For Summary Judgment Pursuant to Rule 56 Based On Evidence Outside the Pleadings. See Docket No. 7. Essentially, the Defendants contend that they are entitled to the entry of summary judgment because the indisputable facts fail to establish a *prima facie* case of gender discrimination under Title VII or of age discrimination under the Age Discrimination in Employment Act ("ADEA"). In the alternative, the Defendants argue, even if Plaintiff can establish a *prima facie* case under Title VII and / or the ADEA, the record consistently reflects that Plaintiff was terminated for violating employment policy and there is no evidence upon which

1

any inference of pretext could possibly be drawn. Finally, the Defendants urge that Plaintiff's pendant state law claims for wrongful termination, intentional infliction of emotional distress and intentional interference with a business opportunity fail because they have no basis in law or in fact.

AND NOW, this **26th** day of March, 2007, it is Ordered that the Motion (Docket No. 7) is granted in part and denied in part. It is granted in that the Title VII claim is dismissed to the extent that Plaintiff intended to assert such a claim against the Individual Defendants. Title VII does not allow for individual liability. See Sheridan v. E.I. DuPont DeNemours & Co., 100 F.3d 1061, 1070 (3d Cir. 1996). The Motion is also granted with respect to a portion of the claim for intentional infliction of emotional distress.[1] Such a claim is barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act ("WCA"), 77 P.S. § 1 *et seq*. See Kumar v. UPMC, Civ. No. 4-1239, 2006 WL 1805691 at * 13 (W.D. Pa. June 28, 2006) and Wilson v. Children's Museum of Pittsburgh, Civ. No. 5-1748, 2006 WL 2529595 at * 8 (W.D. Pa. Aug. 31, 2006), citing, Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997).

The Motion (Docket No. 7) is denied, however, in all other respects. The Motion is based entirely upon the Defendants' version of the facts. Discovery has not yet begun. Plaintiff is entitled to engage in discovery and develop facts which

---

[1] I decline, at this time, to dismiss Plaintiff's intentional infliction of emotional distress claim insofar as it is asserted against Defendant Burke. The WCA carves out an exception for "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of employment." See Holliday v. Comcast Cable Comm., LLC, Civ. No. 5-2554, 2007 WL 551514 at * 8 (E.D. Pa. Feb. 16, 2007), quoting, McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp.2d 393, 400 (E.D. Pa. 2002), and Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3d Cir. 1999). Plaintiff is entitled to engage in discovery on the issue of whether Burke intended to inflict emotional distress upon her due to purely personal reasons.

would support her claims.  Accordingly, it is further ORDERED, that Plaintiff's Motion to Deny and/or Stay Defendant's Motion to Dismiss (Docket No. 14) is DENIED and Plaintiff's Motion to Exceed Page Limit (Docket No. 15) is GRANTED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge